Vito Torchia, Jr. (SBN 244687)
torchiav@brookstone-law.com
Deron Colby (SBN 196686)
dcolby@brookstone-law.com
Aalok Sikand (SBN 248165)
asikand@brookstone-law.com
**BROOKSTONE LAW, PC**
4000 MacArthur Blvd., Suite 1110
Newport Beach, California 92660
Telephone: (800) 946-8655
Facsimile: (866) 257-6172

Attorneys for Plaintiffs ANGELA SACCHI and ROBERT SACCHI

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA SACCHI, an individual; and ROBERT SACCHI, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation, as nominee for AMERICAN HOME MORTGAGE CORPORATION d/b/a AMERICAN BROKERS CONDUIT; AMERICAN HOME MORTGAGE SERVICING, INC., a Delaware corporation; AMERICAN HOME MORTGAGE CORPORATION d/b/a AMERICAN BROKERS CONDUIT, a New York corporation; RESIDENTIAL CREDIT SOLUTIONS, INC., a Delaware corporation; FIDELITY NATIONAL TITLE COMPANY d/b/a DEFAULT RESOLUTION NETWORK, a California corporation; DEFAULT | Case No.: CV 11-01658 AHM (CWx) <br><br> [*Assigned to the Honorable A. Howard Matz, Courtroom 14*] <br><br> **DECLARATION OF ANGELA SACCHI IN SUPPORT OF EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** <br><br> Action Filed:  January 21, 2011 <br> Action Removed:  February 24, 2011 <br> Trial Date:  None Set |

- 1 -

**DECLARATION OF ANGELA SACCHI IN SUPPORT OF *EX PARTE* APPLICATION FOR TRO AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

| | |
|---|---|
| 1 | RESOLUTION NETWORK, an unknown entity; POWER DEFAULT SERVICES, Inc., a Texas Corporation; LANDAMERICA COMMONWEALTH, an entity of unknown form; and DOES 1 to 1000, inclusive, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | Defendants. |

8

9    I, Angela Sacchi, hereby declare:

10   1.    I am over the age of 18 and a party to this Action. The facts contained in this Declaration are within my personal knowledge and I could and would testify to these facts if called as a witness to do so.

13   2.    Attached as **Exhibit A** to the Complaint is a true and correct copy of a Quitclaim Deed dated July 3, 2007, and recorded July 25, 2007.

15   3.    Attached as **Exhibit B** to the Complaint is a true and correct copy of the Adjustable Rate Note dated July 16, 2007. The note was in the original principal sum of $825,000.00, payable with interest as provided in the Note.

18   4.    Attached as **Exhibit C** to the Complaint is a true and correct copy of the Deed of Trust dated July 16, 2007, and recorded July 25, 2007.

20   5.    Attached as **Exhibit D** to the Complaint is a true and correct copy of the Substitution of Trustee dated November 17, 2010.

22   6.    Attached as **Exhibit E** to the Complaint is a true and correct copy of the Notice of Trustee's Sale dated January 3, 2010.

24   7.    Attached as **Exhibit F** to the Complaint is a true and correct copy of the Notice of Default and Election to Sell under Deed of Trust dated and recorded on August 9, 2010.

27   8.    Around May of 2010, my husband and I began experiencing financial hardship and fell behind on our mortgage payments for the first time. At that time,

- 2 -

**DECLARATION OF ANGELA SACCHI IN SUPPORT OF *EX PARTE* APPLICATION FOR TRO AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

we were approached by U.S. Loan Auditors and My U.S. Legal Services, Inc. (collectively, "USLA"). We were told by USLA that if we paid USLA $8,000 plus $1,400 a month that USLA would force Plaintiffs' lender to grant relief in the form of a principal reduction and/or loan modification. We paid USLA $8,000 and authorized USLA to withdraw $1,400 a month from our bank account. Around this same time, we were contacted by a "Jay Severs" who purportedly worked for American Home Mortgage Servicing, Inc. ("AHMSI"). Mr. Severs explained that he could help us and possibly get the principal balance of our loan reduced. We told Mr. Severs that we had hired USLA to negotiate with AHMSI and provided USLA's information to Mr. Severs. We never heard from AHMSI again.

9. After 4 months of paying $1,400 a month to USLA, we received no return phone calls, no contact and no results, so we stopped paying USLA. During this period of time, we were unable to pay our mortgage. We later learned that USLA filed for bankruptcy. We received a document indicating that we could make a claim against USLA in bankruptcy court for the fees we paid.

10. Soon after, we received the Notice of Default described above. Before we received this Notice of Default, none of the defendants made any effort to contact us for purposes of assessing our financial situation and explore options for us to avoid foreclosure.

11. On or about November 17, 2010, Jeffrey Gideon, on behalf of RCS, signed a Substitution of Trustee purporting to substitute Fidelity National Title Company dba Default Resolution Network in as the new trustee under the Deed of Trust. Furthermore, on or about December 22, 2010, Jeffrey Gideon had signed the Substitution of Trustee on behalf of RCS, signed, on behalf of Mortgage Electronic Registration Systems, Inc. ("MERS") this time, an Assignment of Deed of Trust wherein defendant MERS assigned its rights to the Deed of Trust and Note underlying our loan to RCS. The Assignment of Deed of Trust was also

- 3 -

**DECLARATION OF ANGELA SACCHI IN SUPPORT OF *EX PARTE* APPLICATION FOR TRO AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

recorded on January 6, 2011. A true and correct copy of the Assignment of Deed of Trust is attached as **Exhibit G**.

12. Finally, on or about January 14, 2011, we attempted to contact AHMSI but to no avail. We were informed that we would have to communicate with Residential Credit Solutions ("RCS"). We had no idea who owned the Note underlying our mortgage or who to communicate with. We eventually got a hold of RCS. Our contact with RCS was brief and very terse. We spoke with one of RCS's representatives, "Junie," who was very rude, not helpful and explained to us that there was nothing that RCS could do, that only the "lender" or "investor" could modify the loan, and that RCS had no power to do so. We were never provided with information as to who the mysterious "investor" was.

13. We now face a looming foreclosure sale, scheduled for March 28, 2011, after attempting in good faith to meet with the lender to assess our financial situation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: March 25, 2011

*Angela Sacchi*
Angela Sacchi

- 4 -

DECLARATION OF ANGELA SACCHI IN SUPPORT OF *EX PARTE* APPLICATION
FOR TRO AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

**EXHIBIT G**

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

Recording Requested By
ServiceLink

RECORDING REQUESTED BY

01/06/2011

*20110028087*

AND WHEN RECORDED MAIL TO

Residential Credit Solutions
350 South Grand Avenue, 47th Floor
Los Angeles, CA 90071

---

Space above this line for recorder's use only

Trustee Sale No.10-09908-6 .   Loan No. 2000177353   Title Order No. 542300

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to RESIDENTIAL CREDIT SOLUTIONS, INC. all beneficial interest under that certain Deed of Trust dated as of July 16, 2007 executed by ANGELA SACCHI and ROBERT SACCHI, Wife and Husband as Joint Tenants, as Trustor; to LANDAMERICA COMMONWEALTH, as Trustee; and Recorded on July 25, 2007 with recorder's reference 20071753960 of official records in the Office of the Recorder of Los Angeles County, California.

TOGETHER with the note or notes therein described and secured thereby, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Deed of Trust including the right to have reconveyed, in whole or in part, the real property described therein.

DATE: 12-22-10

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC

By: Jeffrey W. Gideon

STATE OF: TEXAS

COUNTY OF: TARRANT

On 12-22-10 before me, R. Martin, Notary Public, personally appeared Jeffrey W. Gideon who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of TEXAS that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Signature

R. MARTIN
Notary Public, State of Texas
My Commission Expires
February 17, 2013