ANGELA SACCHI
ROBERT SACCHI                                    )
                                                 )        **AFFIDAVIT OF**
*Real Property Located:*                         )        **WILLIAM McCAFFREY**
203 NORTH GRAMERCY PLACE                         )
LOS ANGELES, CA 90004                            )
                                                 )

I William McCaffrey, declare as follows:

1. I am over the age of 18 years and qualified to make this affidavit. I am a resident of the State of Arizona and make this Affidavit based on my own personal knowledge. I have no direct or indirect interest in the outcome of the case at bar for which I am offering my observations, analysis, opinions and testimony.

2. My experience in the Banking industry encompasses over 30 years employment for federally insured institutions. I was formerly Business Development Manger with Indy Mac Bank FSB, for over ten years and am currently employed as a Consultant for Housing Mortgage Consultants Inc. of which I own. I have personal knowledge and experience to render opinions in the topic areas related the securitization of mortgage loans, derivative securities, the securities industry, real property law, Uniform Commercial Code practices, predatory lending practices, Truth in Lending Act requirements, loan origination and underwriting, accounting in the context of securitization and pooling and servicing of securitized loans, assignment and assumption of securitized loans, creation of trusts under deeds of trust, pooling and agreements, and issuance of asset backed securities and specifically mortgage-backed securities by special purpose vehicles in which an entity is named as trustee for holders of certificates of mortgage backed securities, the economics of securitized residential mortgages during the period of 2001-2008, appraisal fraud, and its effect on APR disclosure, usury, exceeding the legal limit for interest charged, foreclosure of securitized, non-securitized residential mortgages.

3. I have been qualified to testify in Maricopa County Superior Court, and US District Court. In the past few years, I have served as Expert Witness in numerous civil cases. I have testified at trial in Federal and Superior Court including Nevada and Arizona. Superior Court Cases include *Marshall and Isley Bank v. Izzo, Slikker v. Kondaur, Brokalakis v. National City Mortgage, and Wells Fargo Bank v. Dutson.* Superior Court Judges' Ronan, Garcia, and Budoff, as well as Commissioners' Davis, Ellis, and Hamner have affirmed my expert testimony. Further, I've offered expert testimony in the US District Court of Nevada under Judge Riegle, in *Charov v. Perry.*

4. I have reviewed thousands of Mortgage Assignments and I am familiar with such documents and how they are properly prepared and signed.
I have reviewed the initial pleadings and loan documents provided as to the property located at 4203 NORTH GRAMERCY PLACE, LOS ANGELES, CA, 90004 which is the subject of this lawsuit, and have conducted a preliminary audit of the documents. Finding the following:

5. AMERICAN HOME MORTGAGE ASSETS TRUST 2007-5 created (and closed) in 2007 is very unlikely to have acquired this non-performing loan when the loan was already in default. From my knowledge and experience with mortgage-backed securitized trusts, such acquisition of a non-performing loan is prohibited, particularly after the closing date of the Trust. The present case appears to be another example of a trust failing to produce the Assignment that should have been created and obtained in 2007. The Assignment Date is almost certainly incorrect.

6. In formulating my opinion, I have relied upon applicable New York law because Section 2.04 of the trust agreement, which is called a Pooling and Servicing Agreement (PSA) and under which WELLS FARGO NATIONAL ASSOCIATION purports to be Trustee, provides in applicable part that the trust agreement "shall be governed by and controlled in accordance with the laws of the State of New York..."

Affidavit of William McCaffrey

7. I n formulating my opinion, I have been guided to the following trust and property law rules under New York law:

    A. Unless an asset is transferred into a lifetime trust, the asset does not become trust property (NY Estates, Powers and Trust Law §7-1.18).

    B. The assignment of a mortgage without transfer of the underlying promissory note is a nullity.

    C. A trustee's act that is contrary to the trust agreement is void (NY Estates, Powers and Trusts Law § 7-2.4).

8. I have reviewed the promissory note, the subject mortgage and the mortgage assignment, and the documents, which purportedly created the Trust and named WELLS FARGO NATIONAL ASSOCIATION as Trustee.

9. My opinion is based on facts contained these documents. These facts are set fourth below:

    A. Section 2.04 of the PSA defines the closing date as JUNE 1, 2007.

    B. There is no evidence that the promissory note was actually conveyed to the Trust by JUNE 1, 2007.

    C. Pursuant to the PSA, the Trustee was prohibited after JUNE 1, 2007 from accepting "any contributions of assets to any REMIC unless...the Trustee shall have received an Opinion of Counsel... to the effect that the inclusion of such assets in any REMIC will not cause [adverse tax consequences.]

    D. According to 860(6)(a)(3) of the PSA, the Trustee is barred from accepting any contribution of assets after executing the Certificates unless "an Opinion of Counsel is to the effect such contributions" would not cause adverse tax consequences. Section 2.05(b) of the PSA effectively required that the Certificates be issued on JUNE 1, 2007.

    E. The SACCHI'S Mortgage loan was in default and therefore could not have qualified as a "qualified mortgage loan" for REMIC purposes.

F. The promissory note, with a blank endorsement, may have been delivered to the Trustee in the 2007 but there are no other endorsements or alonges to the promissory note.

G. Whenever the promissory note was delivered to the Trustee, the Mortgage loan was in default and therefore could not have qualified as a "qualified mortgage loan" for REMIC purposes.

10. Based upon these assumed facts, I am of the opinion that the RESIDENTIAL CREDIT SOLUTIONS never has been, the owner of promissory note secured by a mortgage upon which they have claimed ownership. My opinion is based on the following:

Because the promissory note was not actually transferred to the Trustee by the JUNE 1, 2007 closing Date under the PSA, the promissory note did not then become an asset of the Trust.

11. Mortgage assignments for Trusts cannot be produced and Assignments from mortgage servicing companies such as LENDER PROCESSING SERIVICES (LPS) are hired to recreate the absent assignments. LENDER PROCESSING SERIVICES (LPS) created these documents. In the vast majority of cases, the individuals signing these documents as a representative of the GRANTOR/ASSIGNOR are actually working for the GRANTEE/ASSIGNEE bank/trustee. These individuals fail to disclose that they are working on behalf of the GRANTEE.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS:

12. There is no valid authorization to conduct a sale from the lender or beneficiaries of the Mortgage Backed Security Certificate Holders; therefore any foreclosure action taken is invalid.

Mortgage Electronic Registration Services ("MERS") is NOT a real beneficiary, only an electronic registration service with no employees that are authorized to sign assignments.

The common practice in the industry for MERS notes was to intentionally destroy
them after being scanned for ease of tracking rendering the Note VOID and the Deed
of Trust a null.

MERS members regularly "recreate" or fabricate documents from scanned images to
file with the Courts.

MERS members can register online and pay a nominal fee to get an official looking
corporate resolution appointing anyone to be an officer of MERS.

The REAL PARTY IN INTEREST is not in possession of the genuine and original Note.

ISSUING ENTITY:

13. AMERICAN HOME MORTGAGE ASSETS TRUST 2007-5, a common law trust
formed under the laws of the State of New York, will issue the certificates. The
issuing entity, also referred to as the trust, will be formed pursuant to a pooling and
servicing agreement among the seller, depositor, the servicer, the trust oversight
manager and the trustee.

The certificates solely represent beneficial ownership interests in the trust fund
created under the pooling and servicing agreement.

Not an interest in, or the obligation of, the depositor, the sponsor, the trustee,
the trust oversight manager, or any other person.

THE ORIGINATOR:

14. Most of the mortgage loans were originated or acquired initially, either directly
or through and affiliate by AMERICAN BROKERS CONDUIT.

THE DEPOSITOR:

15. On the closing date, AMERICAN HOME MORTGAGE ASSETSS, LLC. assigned all of
its interest in the mortgage loans to the trustee for the benefit of certificate holders.

Affidavit of William McCaffrey

(1) investors who purchased ~~asset~~ ~~backed~~ ~~securities~~ ~~in~~ ~~which~~ ~~some~~

20  of the loans were described with sufficient specificity as to at least express the

21  intent to convey ownership of the obligation as evidenced by the promissory note

22  and an interest in real property consisting of a security interest held by an entity

23  that was described as the beneficiary of a Trust created by an instrument entitled

24  Deed of Trust;

25        (2)    Insurers that paid some party on behalf of said investors;

26        (3)    Counterparties on credit default swaps;

27        (4)    Conveyances or constructive trusts arising by operation of law

28  through cross collateralization and over-collateralization within the aggregate asset

Affidavit of William McCaffrey

Received Time Mar. 25. 10:33AM

security interest, or obligation has been extinguished or paid in whole or in part by co-obligors, insurers and/or federal bailout. The "election" of non-judicial process shifts the burden to the borrowers in the loans to allege facts that are solely within the knowledge of the lenders that are intentionally withheld to them.

i.      In the securitization of the loan, the rights of various named Trustees have been superseded by succeeding trustees ending with the Trustee for the holders of mortgage backed securities in the recorded documents in the present case, whose powers are limited to ONLY what the certificate holders authorize. Accordingly, the only potential party to a foreclosure wherein the allege financial injury and therefore a right to collect the obligation, enforce the note or enforce the security instrument is either a party who has actually lost money or stands to lose money, or an authorized representative who can show such authority and is answerable to the claims, affirmative defenses and counterclaims of the borrowers for such causes of action or defenses as might be applicable.

20. All factual testimony or statements made in this declaration are true and correct to the best of my knowledge and belief. All opinions stated herein are based upon a reasonable degree of probability or a high likelihood of probability. I have no direct or indirect interest in the outcome of the case for which I am offering my observations, analysis, opinions and testimony

FURTHER AFFIANT SAYETH NAUGHT.

_____

William McCaffrey

SWORN TO AND SUBSCRIBED before me, the undersigned notary public, this _24th_ day of _March_ 2011.



JOSEPH N PONCE
NOTARY PUBLIC – ARIZONA
MARICOPA COUNTY
My Commission Expires
June 30, 2013

_____

Notary Public

Affidavit of William McCaffrey

Received Time Mar. 25. 10:33AM